CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 1 0 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PERCY D. DRUMHELLER, | CASE NO. 3:07CV00015 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: B. Waugh Crigler<br>U. S. Magistrate Judge |
| Defendant. | |

This challenge to a final decision of the Commissioner which denied plaintiff's March 26, 2004 applications for a period of disability, disability insurance benefits and supplemental security income under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq. is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) concluded that although the record showed plaintiff performed physically demanding labor beyond his alleged disability onset date, October 15,

2003, he did not engage in substantial gainful activity during the relevant time period.[1] (R. 16-17.) The Law Judge further found that he was insured for benefits through June 2005[2], and the combination of his affective disorder[3], impairment of the spine, and cardiovascular disorder constituted a severe impairment. (R. 16-18.) The Law Judge determined that his impairments, viewed individually or in combination, were not severe enough to meet or equal any listed impairment. (R. 19.) The Law Judge was of the view that although plaintiff's medically determinable impairments could reasonably be expected to produce some pain and limitation, his statements concerning the intensity, duration, and limiting effects of his symptoms and impairments were not entirely credible. (R. 24.) Moreover, the Law Judge was of the opinion that because he alleged a disability onset date of October 15, 2003, yet he continued to work throughout 2004 and most of 2005, he had "very little credibility." (*Id.*) The Law Judge determined that plaintiff retained the residual functional capacity ("RFC") to perform a full range of light work, a finding which precluded him from performing his past relevant work. (R. 19.) The Law Judge found that he was a younger individual[4] and possessed a limited education, but he

---

[1]The Law Judge found that plaintiff had "significant" unreported work activity, and that it was likely that this unreported work constituted substantial gainful activity. (R. 16-17.) However, based on the fact that the information was not complete, the Law Judge noted that he could not find that plaintiff had engaged in substantial gainful activity during the relevant time period. (*Id.*)

[2]The Law Judge's decision provides that he is insured only through June 2005. (R. 16.) However, the Informational Earnings Screen contained in the record provides that he is insured through June 30, 2009. (R. 58.)

[3]The Law Judge specifically found that his affective disorder, standing alone, did not constitute a severe impairment. (R. 18.)

[4]At his hearing before the Law Judge, plaintiff testified that he was forty-three years old. (R. 293.) Under the regulations, a "younger individual" is less than fifty years old. 20 C.F.R. §§

2

was literate and able to communicate in English. (R. 25.) The Law Judge ultimately concluded that the Medical-Vocational Guidelines ("grids") directed a finding that there are a significant number of jobs in the national economy he can perform, and as such, that plaintiff was not disabled under the Act.[5] (R. 25-26.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no basis in the record, or in the reasons advanced on appeal, to review the Law Judge's decision. (R. 4-6.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Law Judge did not comply with the proper standard for evaluating his subjective allegations. (Plaintiff's Brief, pp. 6-12.) Specifically, plaintiff contends that the Law Judge failed to properly credit his statements which establish that his physical and mental impairments are capable of causing the symptoms and limitations he has alleged. (Pl's Brief, pp. 7, 9.) Plaintiff also contends that the Law Judge's finding that he can perform light work is not supported by substantial evidence. (Pl's Brief, pp. 6-12.)

A claimant's subjective complaints of pain must be supported by the objective medical evidence. *Craig v. Chater,* 76 F.3d 585, 591 (4th Cir. 1996); *Johnson v. Barnhart,* 434 F.3d 650,

---

404.1563(c) and 416.963(c).

[5]Although not addressed by the Law Judge, the record shows that on numerous occasions plaintiff's primary treating physician denied his requests for refills on narcotic medications on the basis that he was taking more than prescribed. (R. 155, 161-162, 170, 204, 249, 257, 258, 262.) Having determined that plaintiff was not disabled, the Law Judge didn't need to address the impact of any drug addiction. *See* 20 C.F.R. § 416.935; *Begley v. Astrue,* 2007 WL 2138703 *10 (WD Va. 2007)(holding that a claimant shall not be considered disabled if alcoholism or drug addiction would be a contributing factor material to the finding of disability).

3

657 (4th Cir. 2005). The evidence needs to show the existence of a medical impairment which could reasonably be expected to produce the amount and degree of pain alleged. *Craig,* 76 F.3d at 591; *Johnson,* 434 F.3d at 657.

The undersigned finds that the Law Judge applied the proper legal standard in assessing plaintiff's credibility. The Law Judge initially found that although his medically determinable impairments could reasonably be expected to produce some pain and limitation, his statements concerning the intensity, duration and limiting effects of his symptoms and impairments were "not entirely credible." (R. 24.) The Law Judge gave plaintiff's allegations "little credibility," because, even though he alleged a disability onset date of October 15, 2003, the record repeatedly showed that he continued to work through 2004 and most of 2005. (*Id.*)

The Law Judge's credibility finding is supported by substantial evidence. For instance, despite plaintiff's alleged disabling symptoms after October 15, 2003, the record establishes that he was working on February 13, 2004, June 14, 2004, September 22, 2004, November 22, 2004, November 30, 2004, April 15, 2005, April 19, 2005, March 22, 2005, May 20, 2005, July 22, 2005, August 3, 2005, October 24, 2005, and October 26, 2005. (R. 163, 164, 167, 181, 182, 206, 230, 244, 245, 253, 259, 260, 268.) Moreover, the work he was performing was described by his treating sources as heavy exertional work, manual labor, hard labor, and work which puts stress on his joints all day long. (R. 163, 164, 181, 206.) According to plaintiff's statements, the work included splitting wood, heavy lifting, mechanic work, cutting and lifting wood on a "regular" or "daily basis," and yard work. (R. 163, 164, 181, 182, 206, 230, 317.)

Also, records from plaintiff's long-term treating physician, Lori Bubb, M.D., support the Law Judge's finding that he can perform light work. Dr. Bubb's record dated August 15, 2005

4

reveals that plaintiff "does not want to work," and he is attempting to obtain disability benefits. (R. 243.) Dr. Bubb simply refused to opine that he was not capable of working. (*Id.*) Further, it was Dr. Bubb's view that, although plaintiff might not be capable of performing manual labor and needed a job which allowed him to be sedentary, if necessary, *he still was capable of working.* (*Id.*) She concluded her report noting that despite his requests for help in obtaining disability benefits, she "told him [she] would not say he couldn't work." (*Id.*)

The opinions of the record reviewing physicians provide additional support for the Law Judge's finding that plaintiff can perform light work. William C. Amos, M.D. and R.S. Kadian, M.D., both opined that his allegations were only "partially credible," and that he was capable of performing light work. (R. 111-118.)

Next, plaintiff argues that the Law Judge's RFC finding is not supported by substantial evidence on that basis that the Law Judge failed to give proper weight to his mental impairments. (Pl's Brief, pp. 7, 9.) Specifically, he contends that the Law Judge erred both in finding that his depression was only reactive and in failing to incorporate limitations he believes were caused by his affective disorder. (Pl's Brief, p. 9.)

At the outset, the undersigned notes that plaintiff has not informed the court of what, if any, specific limitations are imposed by his mental impairments. Plaintiff's evidence of mental impairment is scant, consisting mainly of reports from Dr. Bubb. On more than one occasion, she opined that his depression was "reactive depression," or situational depression, resulting from his cardiac surgery, which occurred on October 29, 2005. (R. 279, 280, 281.) As of February 2, 2006, Dr. Bubb was treating plaintiff with an antidepressant and opined that he was "doing fine" on this treatment. (R. 279.)

5

On November 17, 2004, Sulaiha Mastan, a psychologist, performed a psychological review of plaintiff's records. (R. 97-110.) He noted that although plaintiff alleged suffering with anxiety and depression, the use of the antidepressant Zoloft had controlled his "mild symptoms." (R. 110.) Dr. Mastan ultimately opined that any limitations caused by his mental impairments were "non-severe." (R. 110.)

Plaintiff is essentially asking the undersigned to reweigh the evidence of his mental impairments and make medical findings. However, the undersigned is limited to determining whether the Law Judge's findings are supported by substantial evidence. In this case, the substantial evidence supports the Law Judge's finding that plaintiff's depression was reactive to his cardiac surgery, and any limitations imposed by his mental impairments were "mild" and "non-severe."

Finally, the undersigned would be remiss not to acknowledge the Law Judge's finding and the Commissioner's argument that plaintiff has failed to show that he was disabled for a continuous period of twelve months, or that he had an impairment which was expected to last for a twelve-month period. Both the Act and the Regulations require that the claimant show an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a *continuous period of not less than twelve months*. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a); *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). As noted, even though his alleged disability onset date is October 15, 2003, plaintiff was working throughout 2004 and most of 2005. (R. 163, 164, 167, 181, 182, 206, 230, 244, 245, 253, 259, 260, 268.) Thus, substantial evidence supports the Law Judge's finding that plaintiff has not

shown an inability to perform substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
U.S. Magistrate Judge

01-10-08
Date