CLERK'S OFFICE U.S. DIST COURT
AT CHARLOTTESVILLE, VA
FILED

JUL 0 7 2008

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PERCY D. DRUMHELLER,<br><br>                          *Plaintiff,*<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>*Commissioner of Social Security,*<br><br>                          *Defendant.* | CIVIL NO. 3:07CV00015<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

      This matter is before the Court on the parties' cross-motions for summary judgment (docket #12 and #16), the Report and Recommendation ("Report") of U.S. Magistrate Judge B. Waugh Crigler (docket #18), and Plaintiff's objections thereto (docket #19). In his Report, Judge Crigler recommends that the Court (1) affirm the Commissioner's final decision denying Plaintiff's claims for a period of disability, disability insurance benefits, and supplemental security income under the Social Security Act; (2) grant the Commissioner's motion for summary judgment; and (3) dismiss this case from the docket. Plaintiff timely filed objections to the Report, obligating the Court to undertake a de novo review of those portions of the Report to which specific objections were made. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982). Having done so, I find that the Commissioner's final decision is supported by substantial evidence. Accordingly, I will overrule Plaintiff's objections, adopt the Report in its entirety, and enter an Order consistent with the recommendations therein.

## BACKGROUND

      On March 26, 2004, Plaintiff Percy D. Drumheller filed applications for a period of disability, disability insurance benefits, and supplemental security income, alleging disability

beginning October 15, 2003. (R. 14.) Plaintiff's claims were denied initially on November 19, 2004 (R. 29), and upon reconsideration on March 3, 2005 (R. 36). Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on February 23, 2006. (R. 290.) Following the hearing, the ALJ decided on June 16, 2006 that Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (R. 26.)

In reaching this conclusion, the ALJ found that the combination of Plaintiff's impairments—an affective disorder, a spine impairment, and a cardiovascular disorder—were severe but did not individually or collectively meet or medically equal any of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. (R. 18–19.) The ALJ also determined that Plaintiff's statements regarding the intensity, duration, and limiting effects of his symptoms and limitations were incredible. (R. 24.) The ALJ further found that Plaintiff retained the residual functional capacity (RFC) to perform light work. (R. 19–25.) Moreover, the ALJ found that there have not been twelve consecutive months in which Plaintiff has not worked, and that there have not been and will not be twelve consecutive months in which Plaintiff lacked the capacity for light work. (R. 24–25.) Although Plaintiff's RFC limiting him to light work precludes him from performing his past relevant work, the ALJ found that under the Medical-Vocational Guidelines ("grids"), there are still a significant number of jobs in the national economy that Plaintiff can perform. (R. 25–26.) Thus, the ALJ ultimately concluded that Plaintiff was not disabled under the Act. (R. 26.)

Plaintiff appealed the ALJ's decision to the Appeals Council, which denied review and adopted the ALJ's decision as the final decision of the Commissioner. (R. 4.) Plaintiff then filed the instant civil action, seeking judicial review of the Commissioner's final decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the matter to Magistrate Judge Crigler for proposed findings

- 2 -

Case 3:07-cv-00015-NKM-BWC   Document 20   Filed 07/07/08   Page 2 of 7   Pageid#: 84

of fact and a recommended disposition. After the parties filed cross-motions for summary judgment, Judge Crigler issued his Report, to which Plaintiff timely filed objections.

## STANDARD OF REVIEW

The Commissioner's factual findings must be upheld if they are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (citation omitted), and consists of "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is responsible for evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545. Any conflicts in the evidence are to be resolved by the Commissioner (or his designate, the ALJ), not the courts, and it is immaterial whether the evidence will permit a conclusion inconsistent with that of the ALJ. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). The Court may not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Instead, the Court may only consider whether the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Craig*, 76 F.3d at 589.

With respect to objecting to a magistrate judge's report, "[t]he district judge . . . shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which

specific written objection has been made in accordance with [Rule 72(b)]." [1] *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). Any part of the magistrate judge's disposition that has not been properly objected to is reviewed for, at most, clear error. *Compare* Fed. R. Civ. P. 72 advisory committee's notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record . . . ."), *with Thomas v. Arn*, 474 U.S. 140, 149–52 (1985) ("Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report under some lesser standard. However, § 636(b)(1)(C) simply does not provide for such review.")

## DISCUSSION

The document filed by Plaintiff's counsel captioned "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation" is in fact an almost verbatim copy of the "Argument" section of Plaintiff's previously filed summary judgment brief. (*Compare* Pl.'s Objections 1–8, Jan. 23, 2008, *with* Pl.'s Br. 5–13, Oct. 9, 2007.) With one exception, which I will address below, Plaintiff fails to object specifically to any aspect of Judge Crigler's Report. Rather, Plaintiff simply ignores the findings and recommendations in the Report, seeking instead to re-litigate his entire case in the guise of objecting. Thus, Plaintiff's objections constitute, at best, a general objection to the entirety of the Report.

As I recently explained in *Veney v. Astrue*, 539 F. Supp. 2d 841 (W.D. Va. 2008):

> The issues that Plaintiff raises in her general objection have already been addressed by Magistrate Judge Crigler when they were before him in Plaintiff's summary judgment brief. Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources

---

[1] The stylistic changes to the Federal Rules of Civil Procedure brought about by the 2007 Amendments had not yet taken effect at the time Plaintiff filed his objections. Therefore, quotations of the Rules in this Memorandum Opinion will use the former language.

rather than saving them, and runs contrary to the purposes of the Magistrates Act." Accordingly, Plaintiff will not be given the second bite at the apple she seeks. Rather, because Plaintiff's re-filed brief constitutes, at most, a general objection to the Report, and "[a] general objection . . . has the same effects as would a failure to object," no part of the Report is subject to this Court's de novo review.

*Id.* at 845–46 (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also United States v. Midgette*, 478 F.3d 616, 621–22 (4th Cir. 2007); *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Likewise, the general objection now before the Court also fails to invoke de novo review.

As mentioned, however, Plaintiff has stated one specific objection to the Report. Plaintiff argues, as he did in his summary judgment brief, that the ALJ failed to comply with Social Security Ruling (SSR) 96-8p in determining Plaintiff's RFC. (Pl.'s Objections 1.) He then objects that "[t]he Magistrate Judge failed to address this issue" in the Report. (*Id.*) Although Judge Crigler did address the ALJ's RFC determination in some detail, Plaintiff is correct that he did not specifically address the requirements of SSR 96-8p. Accordingly, I must review that aspect of the ALJ's RFC determination de novo.

SSR 96-8p states, in part, that the "RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis . . . . Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. The thrust of Plaintiff's objection seems to be that the ALJ violated SSR 96-8p in failing articulate a function-by-function analysis of Plaintiff's work-related abilities. However, Plaintiff's reading of SSR 96-8p "conflates what must be considered in assessing RFC and what must be fully discussed in the ALJ's notice of decision." *Manring v. Barnhart*, No. 2:05CV00058, 2007 WL 201081, at *4 (W.D. Va. Jan. 25, 2007); *see also* SSR 96-8p, 1996 WL 374184, at *7 (describing the "Narrative Discussion Requirements" for an RFC assessment).

Plaintiff's argument is much like that of the plaintiff in *Lawson v. Apfel*, No. IP 99-1112-C H/G, 2000 WL 683256 (S.D. Ind. May 25, 2000), and the court's reasoning in that case is instructive:

> [Plaintiff] appears to be arguing that SSR 96-8p requires an ALJ to articulate in his or her opinion an assessment of a claimant's ability in each of 54 work function categories. The court disagrees. There is a distinction here between what the ALJ must consider and what the ALJ must articulate in the written opinion.
> . . . .
> [SSR 96-8p] does not require an ALJ to discuss all of a claimant's abilities on a function-by-function basis. Rather, an ALJ must explain how the evidence supports his or her conclusions about the claimant's limitations and must discuss the claimant's ability to perform sustained work activities.

*Id.* at *3–4.

Here, the ALJ fully supported his finding that Plaintiff retained the RFC to perform light work with extensive references to Plaintiff's medical records. (*See* R. 19–25.) Of particular significance is the ALJ's incorporation by reference of the report of the DDS physicians, which does contain a function-by-function RFC assessment showing that Plaintiff is capable of performing the full range of light work. (R. 20, 111–18.) Moreover, Plaintiff has not cited, and I have not discovered, any medical evidence in the record that contradicts or is inconsistent with the ALJ's assessment. At most, one might interpret the August 15, 2005 opinion of Dr. Lori Bubb as supporting a finding that Plaintiff retained the RFC to perform sedentary work, rather than light work. (R. 243.) In her opinion, however, Dr. Bubb clearly stated that she told Plaintiff she "would not say he couldn't work." (*Id.*) And as the ALJ pointed out, it ultimately makes no difference whether Plaintiff can perform light work or only sedentary work because given Plaintiff's age and education, the grids mandate a finding of "not disabled" regardless. (R. 25.)

The only record evidence that might support an RFC that would have permitted the ALJ to find that Plaintiff is disabled is Plaintiff's own statements. However, the ALJ found that Plaintiff's subjective statements concerning the intensity, duration, and limiting effects of his symptoms and impairments were "not entirely credible," and that Plaintiff has "very little

credibility" because the record evidence makes clear that Plaintiff continued to work at heavy physical labor for almost two years after his alleged disability onset date. (R. 24.) Judge Crigler found that the ALJ's credibility finding is supported by substantial evidence (Report 4), and Plaintiff has not properly objected to that aspect of the Report.

Although the ALJ could have articulated more specifically the relationships between the record evidence and his conclusions regarding Plaintiff's limitations, the record does not reveal that he overlooked the functions specified in SSR 96-8p. Rather, the record makes clear that the ALJ's RFC assessment was supported by substantial evidence. Accordingly, I will overrule Plaintiff's objection to the ALJ's application of the SSR 96-8p requirements.

## CONCLUSION

Having undertaken a de novo review of that portion of the Report to which a proper objection was made, and having reviewed the remainder for clear error, I find that the Commissioner's final decision is supported by substantial evidence. Accordingly, I will enter an Order OVERRULING Plaintiff's objection, ADOPTING the Report in its entirety, AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment, DENYING Plaintiff's motion for summary judgment, and DISMISSING this case from Court's docket.

It is so ORDERED.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion to all counsel of record and to Magistrate Judge Crigler.

Entered this 7th day of July, 2008.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE